(114 App. Div. 789)
## DATE v. NEW YORK GLUCOSE CO.

**(Supreme Court, Appellate Division, Second Department.   July 24, 1906.)**

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT—INCOMPETENCY OF FELLOW SERVANT—EVIDENCE.

An employé was injured in consequence of fellow servants pushing a car against a ladder on which he was standing.   The fellow servants were unable to understand English, and they had been warned by the use of the words "stop," "lookout," etc., but they did not heed them.   They could have seen the ladder, had they looked, and avoided the accident.   *Held,* that the employer was not negligent in employing the fellow servants, for he could not anticipate an accident from a cause arising from their failure to understand English.

Rich, J., dissenting.

Appeal from Trial Term, Queens County.

Action by Albert Henry Date against the New York Glucose Company.   From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Judgment and order reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frederick Hulse, for appellant.

Melville J. France, for respondent.

GAYNOR, J.   This case was here on a former appeal (104 App. Div. 207, 93 N. Y. Supp. 249).   The plaintiff worked for the defendant in its glucose factory as an oiler of machinery.   He set up a ladder in a room of the factory to oil some shafting which was about 15 feet up from the floor, and he was at the work at the top of the ladder. The foot of it was on a two-rail tramway running through the room and over which a platform car was pushed every 5 or 10 minutes to carry sugar cakes.   Three men who were pushing a car along from behind in the usual way pushed it against the plaintiff's ladder and knocked it down and hurt him.   The plaintiff saw them coming about 25 feet away from the ladder and called out to them to stop but they paid no heed.   Another employé saw them when they were from 3 to 6 feet away from the ladder and called out in the same way to no effect.   The car entered the room through a door about 100 feet away.

I do not see how the judgment can be sustained.   The plaintiff was injured by the negligence of his fellow servants.   The only negligence claimed against the defendant is that the three men were not competent or fit servants for the work for the reason that they were foreigners unable to understand any English.   Even so, it was not negligence, or breach of duty to the plaintiff, for the defendant to employ them to do such simple work as pushing a car.   They could see and hear, and I do not see how it could occur to any one that the fact that they could not understand English would make it dangerous to others for them to push the car along the track through the rooms.   If they had understood all languages they could have neglected, just as they did, to look ahead along each side of their loaded car, assuming they could not see the plaintiff or his ladder by looking over the load, which it does not seem could have been the case.   The fact that they did not know the

meaning of the words "stop," "look out," and "ladder" which were called out to them, and therefore did not heed them and stop, may or may not have caused the accident. But the defendant could not have anticipated such an accident from such a cause; and that is the test of its negligence or breach of duty in putting them at such work.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except RICH, J., who dissents.