### DRAGUNATT v. TRANSIT DEVELOPMENT CO.

(Supreme Court, Trial Term, Queens County.)

1. MASTER AND SERVANT (§ 170\*)—INJURIES TO SERVANT—FELLOW SERVANTS—DUTY OF MASTER AS TO SELECTION.

   A master must use ordinary care to select servants of sufficient care, skill, and prudence to make it probable that they will not cause injury to each other, and the care required is commensurate with the danger to be apprehended.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 336; Dec. Dig. § 170.\*]

2. MASTER AND SERVANT (§ 170\*)—INJURIES TO SERVANT—FELLOW SERVANTS—NEGLIGENCE—LIABILITY.

   A servant, employed as a blacksmith, was struck in the eye by a piece of metal in consequence of his helper misdirecting a blow, which struck an anvil, instead of a brake lever they were welding. There was no evidence that it was dangerous to strike the anvil under the circumstances. Held, that the master was not guilty of actionable negligence in failing to select a competent helper.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 336; Dec. Dig. § 170.\*]

3. EVIDENCE (§ 5\*)—JUDICIAL NOTICE—MATTERS OF COMMON KNOWLEDGE.

   The danger of striking a hard blow on cold iron is not such a well-known fact that the court can take judicial notice of it.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 4; Dec. Dig. § 5.\*]

Action by one Dragunatt against the Transit Development Company. Verdict for plaintiff set aside, and new trial granted.

Adolph Ruger (Herbert C. Smyth, of counsel), for plaintiff.

George D. Yeomans (Thomas L. Hughes, of counsel), for defendant.

JAYCOX, J. The plaintiff was a blacksmith in the employ of the defendant, and lost the sight of one of his eyes by a small piece of metal striking him in it while engaged in such employment. His contention is that this piece of metal was caused to strike him in the eye by a misdirected blow of his helper, who, instead of striking with his sledge the brake lever they were welding, struck the anvil upon which

───────────
\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it lay. He further claims the defendant was negligent in retaining in its employ and furnishing him with a man who could not strike straight enough to hit the object he struck at every time. Proof tending to show notice of this alleged incompetency was given, and also that the piece of metal came from the anvil. The plaintiff has a verdict, and the defendant seeks to set it aside.

[1] Among the duties which the master personally owes to his servants is that of using ordinary care to select competent servants—that is, servants of sufficient care, skill, prudence, and good habits to make it probable that they will not cause injury to each other—and to dismiss servants who show such a want of these qualifications as to give reasonable ground for apprehension that they will injure their fellow servants. Shearman & Redfield, Neg. (5th Ed.) p. 297. While this is but a text-book, I think it fully and accurately states the rule. Necessarily more care must be used in the selection of a man to run a locomotive than in the selection of a man to shovel sand. The criterion, it seems to me, is the danger to others which is to be apprehended. If no danger to others is to be apprehended, a man has the right to employ servants who are absolutely incompetent. The care in their selection, to be reasonable, must be commensurate with the danger to be apprehended from their lack of care or want of skill.

[2] This cause of action being based upon negligence, to be entitled to recover, plaintiff must show that danger could reasonably be apprehended from the lack of skill of plaintiff's helper. Otherwise, the defendant was not negligent. Just mere ordinary foresight is all that is required of the defendant. Did that require him to foresee that a blow from a sledge upon an anvil would be dangerous? Did ordinary foresight require the defendant to apprehend danger from the fact that this blacksmith's helper hit the anvil occasionally, instead of the work at which he aimed his blow? Is there anything inherently dangerous about pounding on an anvil? I always thought that was what an anvil was for. No proof was given to show that it was a dangerous thing to do. Was any more danger to be apprehended from striking the anvil than from striking the work placed upon it? No proof in that respect was given, and from my very limited experience I would have anticipated more danger from a blow upon a piece of red-hot iron placed upon the anvil than from a blow upon the cold anvil itself.

[3] It may be that the more conspicuous sparks flying from the hot iron was the basis for the idea, but the danger of striking a hard blow upon cold iron is not such a well-known fact that the court can take judicial notice of it. This being so, what basis is there for a recovery? It is true the helper struck a misdirected blow, and the plaintiff was injured; non constat he would have been injured by a well-directed blow upon the object at which he struck. In the absence of such proof, I cannot see any proof of negligence.

If the helper's manner of handling the sledge had been such that danger of his striking his fellow workmen could have been reasonably apprehended, and the employer continued the helper at that kind of work after his attention was called to it, and thereafter, by an unskillful blow, the helper struck and thereby injured a fellow workmen, a

cause of action is made out, because danger was readily to be apprehended. But that is not the case here. In this case the helper merely struck the anvil, and there is an entire absence of proof that that is a dangerous thing to do. Under these circumstances it was not negligent for the master to continue him at that employment.

Practically all the cases upon this subject relate to the management of railroad trains, where danger to others is not only to be apprehended, but is apparent. The few other cases to which my attention has been called, or which I have found, are situations in which the dangers from incompetent servants are equally obvious. The only case I have found in which the principle I am endeavoring to apply is applied is Date v. New York Glucose Company, 114 App. Div. 789, 100 N. Y. Supp. 171. In that case an employé was injured by the act of his fellow servants in pushing a tram car used in the factory against the foot of a ladder on which he was standing, and it was there held that he could not recover on the theory that the master was negligent in employing servants who could not understand English, and who did not obey a call for them to stop. The last sentence in that opinion (by Mr. Justice Gaynor) is:

"But the defendant could not have anticipated such an accident from such a cause, and that is the test of its negligence or breach of duty in putting them at such work."

This case was affirmed by the Court of Appeals. 190 N. Y. 510, 83 N. E. 1124.

Further, if danger could not be apprehended from striking a blow with a sledge upon an anvil, then such a blow was not negligent in a legal sense, although unintentional. If there was no reason to believe injury would result from such a blow, then it was entirely consistent with due care. To make such a blow negligent, there must be some reason to apprehend danger from it.

For these reasons, the verdict should be set aside, and a new trial granted.